## DORE, et al. v SLIGER, etc., et al.
### Case No. 90-1850
Second Judicial Circuit, Leon County
July 11, 1990

### APPEARANCES OF COUNSEL

**Thomas R. Julin, Esquire,** Steel Hector & Davis, for plaintiff, Patricia A. Dore.

**Barry Richard, Esquire,** Roberts, Baggett, LaFace & Richard, for plaintiffs, The Florida Society of Newspaper Editors, The Florida Press Association, and The Florida First Amendment Foundation, Inc.

**Gerald B. Jaski, Esquire** and **Linda Schmidt, Esquire,** for defendants, Bernard Sliger, as President of The Florida State University and Sheldon Kurtz, as Dean of the College of Law of The Florida State University.

**Gregg A. Gleason, Esquire,** for defendant, the Board of Regents of the State of Florida.

### OPINION OF THE COURT

J. LEWIS HALL, Circuit Judge.

## FINAL JUDGMENT ON COUNTS I AND II AND STAY OF COUNT III

This cause came before the Court upon the stipulation of the parties to a final judgment against the defendants on counts I and II of the complaint and to the entry of a stay of count III of the complaint. The Court has considered the pleadings, the stipulation of the parties, and otherwise has been duly advised. Accordingly it is ordered and adjudged that:

1. The Sunshine Law prohibits the faculty of The Florida State University College of Law (the "College of Law") from conducting secret ballots pursuant to the secret ballot policy adopted by the College of Law faculty referred to in Count I of the complaint when it holds meetings at which "official action" as contemplated by section 286.011, Florida Statutes, is to be taken; however, this declaration shall not be construed as expressing any opinion regarding whether the Sunshine Law prohibits the College of Law faculty from conducting secret ballots on matters involving tenure and promotion, faculty peer evaluations, matters regarding students which are required by law to be confidential, and elections to faculty committees or positions. The term "secret ballot," as used in this judgment, means voting in a fashion which will prevent any person present at an open meeting from ascertaining how any identified faculty member voted or whether any faculty member voted at all, in the absence of the consent of the faculty member.

2. The defendants and their successors are permanently enjoined from allowing the faculty of the College of Law to conduct secret ballots pursuant to the secret ballot policy adopted by the College of Law faculty referred to in Count I of the complaint when its holds meetings at which "official action" as contemplated by section 286.011, Florida Statutes, is to be taken. This injunction shall not apply to matters involving tenure and promotion decisions, faculty peer evaluations, matters regarding students which are required by law to be confidential, and elections to faculty committees or positions.

3. The Sunshine Law prohibits the faculty of the College of Law from conducting secret ballots on personnel hiring matters as referred to in count II of the complaint when it holds meetings at which "official action" as contemplated by section 186.011, Florida Statutes, is to be taken.

4. The defendants and their successors are permanently enjoined from allowing the faculty of the College of Law to conduct secret ballots on personnel hiring matters as referred to in count II of the

**195**

complaint when it holds meetings at which "official action" as contemplated by section 286.011, Florida Statutes, is to be taken.

5. All parties shall bear their own costs and fees regarding counts I and II of the complaint. If, however, a party files a motion for an order finding a violation of this judgment, and the court grants the motion, the court may, in accordance with section 286.011(4), Florida Statutes, award the reasonable costs and fees incurred in the prosecution of such motion.

6. The adjudications of counts I and II of the complaint shall have no preclusive effect on the adjudication of count III. The adjudication of count III of the complaint, which seeks to enjoin the defendants from allowing the College of Law faculty to vote by secret ballot on tenure and promotion matters, shall be stayed pending a study of the tenure and promotion process, faculty peer evaluations, matters regarding students which are required by law to be confidential, and elections to faculty committees and positions at the Florida State University. The study shall be conducted by a faculty committee appointed by the president of the Florida State University. The plaintiffs, or any one of them, may, however, vacate the stay at any time after the faculty committee has fulfilled its charge from the president, which will occur within a reasonable time not later than May 1, 1991, by notifying the Court that an adjudication of count III is required. In the event that this stay remains in effect for more than one year, this action shall not be dismissed for lack of prosecution. All of the parties shall have a continuing obligation, however, to notify the court promptly regarding any resolution of the issues raised by count III which may be reached.

7. Any party may seek a modification of this injunction at any time that the party believes circumstances warrant such a modification.

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida, this 11th day of July, 1990.